SEALED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. No. 19cr10132 |
| v. | Violation: |
| EDWIN AMAYA MEJIA ALVARADO, a/k/a "Duende," | Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d)) |
| Defendant | RICO Forfeiture Allegation: 18 U.S.C. § 1963 |

INDICTMENT

COUNT ONE:
Racketeering Conspiracy
(18 U.S.C. §1962(d))

The Grand Jury charges:

Introduction

At all times material to this Indictment:

The Enterprise

1. La Mara Salvatrucha, also known as the MS-13 criminal organization (hereinafter "MS-13"), is composed primarily of immigrants or descendants of immigrants from Central America, with members operating throughout Massachusetts, including Boston, Lynn, Everett, Chelsea, Somerville, and elsewhere. Members and associates of MS-13 have engaged in acts of violence, including murder, attempted murder, robbery, and assault, as well as other criminal activity, including narcotics trafficking, firearm possession, robbery, witness tampering, and witness retaliation.

2. The defendant, EDWIN AMAYA MEJIA ALVARADO, a/k/a "DUENDE," is a member of MS-13.

3. MS-13, including its leadership, membership, and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit with a common purpose of achieving the objectives of the enterprise. The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

## Purposes of the Enterprise

4. The purposes of the MS-13 enterprise included the following:

(a) Promoting and enhancing the prestige, reputation, and position of the enterprise with respect to rival criminal organizations;

(b) Preserving and protecting the power, territory, and criminal ventures of the enterprise through the use of intimidation, threats of violence, and acts of violence, including murder, attempted murder, and assault;

(c) Keeping victims, potential victims, and community members in fear of the enterprise and its members and associates; and

(d) Ensuring discipline within the enterprise and compliance with the enterprise's rules by members and associates through threats of violence and acts of violence.

## Means and Methods of the Enterprise

5. Among the means and methods by which the members and associates conducted and participated in the conduct of the affairs of the MS-13 enterprise were the following:

(a) Members of MS-13 and their associates committed, attempted to commit, and threatened to commit acts of violence, including murder, attempted murder, robbery,

and assault, to enhance the enterprise's prestige and protect and expand the enterprise's criminal operations;

(b) Members of MS-13 and their associates used violence and threats of violence against various individuals, including members of rival criminal organizations, members of MS-13 who violated the enterprise's rules, and potential witnesses against the enterprise; and

(c) Members of MS-13 and their associates followed certain core rules and operating principles—and sought to ensure compliance with these rules and principles by other members of the enterprise—including the core operating principles that (i) members of the enterprise attack members of rival gangs and those who pose a threat to the ongoing operations of the enterprise, and (ii) members of the enterprise internally discipline fellow MS-13 members who violate the rules of the enterprise.

## The Racketeering Conspiracy

6. From a time unknown to the Grand Jury until in or about November 2018, in Boston, Lynn, Everett, Chelsea, Somerville, and elsewhere in and outside the District of Massachusetts, the defendant,

EDWIN AMAYA MEJIA ALVARADO, a/k/a "DUENDE,"

being a person employed by and associated with MS-13, an enterprise that was engaged in, and the activities of which affected, interstate and foreign commerce, conspired with others known and unknown to the Grand Jury to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and (5).

7. The aforementioned pattern of racketeering activity consisted of multiple acts involving murder, in violation of Massachusetts General Laws, Chapter 265, Section 1 (murder), Section 15 (assault with intent to murder), and Section 18 (armed assault with intent to murder), and Massachusetts General Laws, Chapter 274, Section 6 (attempt to commit a crime, to wit: murder), and Section 7 (conspiracy to commit murder).

8. It was part of the conspiracy that the defendant agreed with others known and unknown to the Grand Jury that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

All in violation of Title 18, United States Code, Section 1962(d).

## RICO FORFEITURE ALLEGATION
## 18 U.S.C. § 1963

The Grand Jury further alleges:

9. The allegations contained in Count One are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 1963.

10. Upon conviction of the offense in violation of Title 18, United States Code, Section 1962, set forth in Count One of this Indictment, the defendant,

EDWIN AMAYA MEJIA ALVARADO, a/k/a "DUENDE,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963:

(a) all interests the defendant has acquired or maintained in violation of Title 18, United States Code, Section 1962, wherever located, and in whatever names held;

(b) all interests in, securities of, claims against, or properties or contractual rights of any kind affording a source of influence over, any enterprise which the defendant has established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

(c) all property constituting, and derived from, any proceeds that the defendant obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

11. If any of the property described here as being forfeitable pursuant to Title 18, United States Code, Section 1963, as a result of any act and omission of the defendant—

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred to, sold to, or deposited with a third party;

(c) has been placed beyond the jurisdiction of this Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendant.

All pursuant to Title 18, United States Code, Section 1963.

A TRUE BILL,

_Carol L Bourque_
FOREPERSON OF THE GRAND JURY

_[signature]_
KUNAL PASRICHA
PHILIP MALLARD
Assistant United States Attorneys

DISTRICT OF MASSACHUSETTS          April 24, 2019

Returned into the District Court by the Grand Jurors and filed.

_[signature]_
DEPUTY CLERK

11:03 am
4/24/19