**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWIN AMAYA MEJIA ALVARADO,<br>    a/k/a "Duende,"<br>                Defendant. | Case No. 19-cr-10132-IT |

**JOINT STATUS REPORT**

The United States, joined by defendant Edwin Amaya Mejia Alvarado, files this status report as part of the transfer of this case from the Magistrate Judge to the District Judge for an initial status conference before the District Judge. The parties believe that they are still significant steps away from being ready for trial, but the parties hope that this status report will assist the District Judge in overseeing further pretrial proceedings.

**I.**  **Nature of the Charges**

This is a complex case involving allegations of participation in a wide-ranging RICO or racketeering conspiracy in violation of 18 U.S.C. § 1962(d). In particular, the indictment alleges that defendant Edwin Amaya Mejia Alvarado, a/k/a "Duende," is a member of a criminal organization known as La Mara Salvatrucha or MS-13. *See generally* Indictment, Dkt. No. 1.

"Members and associates of MS-I3 have engaged in acts of violence, including murder, attempted murder, robbery, and assault, as well as other criminal activity, including narcotics trafficking, firearm possession, robbery, witness tampering, and witness retaliation." *Id.* at ¶ 1. From a time unknown until November 2018, the defendant and other known and unknown co-conspirators participated in the affairs of the MS-13 enterprise through a pattern of racketeering activity. *Id.* at ¶ 6.

1

The alleged pattern of racketeering activity by the MS-13 enterprise consisted of acts involving murder, assault with intent to murder, attempted murder, and conspiracy to murder under Massachusetts law. *Id.* at ¶ 7. As part of the conspiracy, the defendant agreed with others that some member of MS-13 would commit at least two racketeering acts in the conduct of the affairs of the enterprise. *Id.* at ¶ 8.[1]

### II. Investigation into Uncharged Conduct

The charges, even as currently alleged, are very serious and complicated. The case is further complicated because the government has informed the defendant that he is the subject of an ongoing investigation into an uncharged murder that law enforcement believes was committed by MS-13 members against a suspected gang rival. In addition to producing discovery about the RICO conspiracy charge—in which the defendant is alleged to have conspired and participated in the affairs of the MS-13 enterprise—the government has now begun to produce discovery about the uncharged murder because it may be relevant to both the charged conspiracy and to uncharged activity that is important for both sides to evaluate when making informed decisions about next steps.

The government anticipates that its investigation into the defendant will continue in the months ahead. Among other things, the government has informed the defendant that the government may seek to obtain a sample of the defendant's DNA as part of the ongoing investigation into uncharged conduct.

---

[1] This case is one of a series of MS-13 prosecutions that have been brought in the District of Massachusetts in recent years. *See, e.g.*, *United States v. Recinos Garcia et al.*, 15-cr-10338-FDS (charging 61 members and associates of MS-13 with various serious felonies; to date, approximately 50 defendants have been convicted in that case, with approximately 20 defendants held responsible for RICO conspiracy that included their participation in murder). *See also United States v. Lopez Flores et al.*, 18-cr-10450-MLW (charging six members of MS-13 with RICO conspiracy, including five charged with participation in murder).

### III. Investigation into Other MS-13 Members in Massachusetts

The case is complicated even further because ongoing investigations into MS-13 activities in Massachusetts are showing overlaps between this defendant and other co-conspirators, including charged defendants. In particular, the government has informed the defendant that an unindicted co-conspirator in this case is Manuel Yanes Cruz, a defendant in a separate indictment charging RICO conspiracy in this District. *See United States v. Manuel Yanes Cruz*, 19-cr-10268-LTS. That case is still before the Magistrate Judge for pretrial proceedings and is positioned similarly to this case (*i.e.*, defendant charged with RICO conspiracy on behalf of the MS-13 enterprise; the defendant faces significant sentencing exposure and the government's investigation continues).

Further adding complexity to the matter, both Mejia Alvarado (the defendant in this case) and Yanes Cruz (the defendant in the other pending case) are subjects of the ongoing murder investigation, and the cases against them seem to be increasingly overlapping. To assist the defendant(s) evaluate the case(s) against them, the government has been making discovery productions broader than that required by the rules, and has been making early disclosures even about some of this uncharged conduct. Both defendants are also aware of the investigations into each other, and have generally been given the discovery about each other.

There is a strong possibility that if both matters continue towards trial—whether on the current RICO conspiracy charge or on additional charges—the government will seek to join these two cases for trial given the overlapping evidence.

### IV. Safety and Security Concerns

Before turning to discussion of the status of discovery, the government wishes to highlight the *significant* safety and security concerns implicated by this case. This issue

is and will continue to be relevant to a variety of pretrial issues (*e.g.*, the need for a strict protective order governing discovery; the viability of a trial, especially during COVID).

In short, the government highlights that significant evidence exists that the MS-13 gang's core operating principles include the murder those who are suspected of cooperating with law enforcement. In this District alone, multiple MS-13 members have been prosecuted and convicted for murdering and/or attempting to murder those who are suspected of cooperating with law enforcement. *See generally United States v. Recinos Garcia et al.*, 15-10338-FDS. Separately pending in this District right now is an ongoing prosecution of MS-13 members in *United States v. Lopez Flores et al.*, 18-10450-MLW where the allegations are that six MS-13 members murdered a teenage boy because they [wrongly] believed he was cooperating with law enforcement. One or more of those MS-13 members are unindicted co-conspirators in this case against Mejia Alvarado.

### V. **Timing and Status of Discovery**

As the summary above shows, this is a complex case and the defendant faces significant exposure at trial. As a general matter, the government's practice in these cases has been to provide broad discovery, and the government is committed to doing so in this case as well. The government has also been making voluntary disclosures of certain material broader than what may be required by the discovery rules. As stated above, however, the investigations into uncharged conduct complicate matters because even if automatic discovery as to the charged conduct is generally complete, discovery into the broader conspiracy and uncharged conduct is likely to continue. The defendant believes that it is in his best interest to receive as much of the discovery about uncharged conduct as possible before deciding how best to proceed next.

Further complicating issues, based on the safety and security concerns highlighted above, that parties have negotiated and the Magistrate Judge has endorsed a protective order that generally prohibits the defendant from receiving hard copies of discovery materials in jail. [The reason for this is that the government's investigations have revealed that MS-13 members often seek proof of a witness's cooperation in discovery before putting out a "green light" or kill order on the witness.] Thus, although defense counsel can generally show any of the discovery materials to the defendant in person—and although defense counsel can share the substance of any discovery over the phone—counsel cannot mail discovery to the jails or leave discovery with the defendants.

This protocol, although necessary for safety and security, makes it difficult for counsel to share discovery as easily or quickly as counsel might in the typical case, which is a further reason that additional time is necessary for pretrial preparation, especially because discovery includes information about uncharged conduct.

## VI.  Timing and Status of Pretrial Motions

No pretrial motions are currently pending. The parties respectfully ask that no motions deadline be set at this point given the issues discussed above.

## VII.  Estimated Number of Trial Days

As to the estimate for the number of trial days, as required by Local Rule 116.5(c)(2)(E), the parties state that it is difficult to provide a reliable estimate at this time given the complexities and unknowns summarized above. The government currently estimates that its case-in-chief may take up to the three weeks.

## VIII.  Period of Excludable Delay Under Speedy Trial Act and Request for Further Exclusion

The court has excluded all time under the Speedy Trial Act from the date of the arraignment through November 12, 2020 (the date of the recent status conference before

the Magistrate Judge). The parties jointly request that the court further exclude time and enter an order of excludable delay from November 13, 2020 through the date of the Initial Status Conference before the District Judge.

For the reasons discussed at the status conference before the Magistrate Judge, and for the reasons above, the parties jointly state that excluding additional time is in the interests of justice because counsel will need that time to review discovery and prepare for trial. *See generally* 18 U.S.C. § 3161(h)(7)(A).

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: /s/ Kunal Pasricha
KUNAL PASRICHA
Assistant United States Attorney
District of Massachusetts

## **Certificate of Service**

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                          By: /s/ Kunal Pasricha
                                              KUNAL PASRICHA
                                              Assistant United States Attorney